```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MARIO JARA,**

                **Plaintiff,**

           v.                           CASE NO. 10-3144-RDR

**C. CHESTER,**
**et al.,**

                **Defendants.**

### O R D E R

This "Application for Injunctive Relief" was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). As factual background for this action, Mr. Jara alleges as follows. He filed a BP-8 "Informal Resolution" dated May 3, 2010, in which he complained of a verbal and finger-poking assault by Officer Mason, supervisor of the food service. Therein, he requested that Mr. Mason be suspended, required to take an anger management course, and be separated from petitioner for fear of retaliation.[1] He gave his BP-8 to Officer Wilson who gave it to Officer Swanson, it was lost or improperly handled, and no timely response was provided. He then submitted a BP-9 in which he stated he had submitted a BP-8 but received no response within the time limit. His administrative appeals were denied on the ground that he had not completed the BP-8 informal resolution step. The court is asked to issue a "temporary injunction" requiring respondents to follows BOP regulations on grievances, to produce plaintiff's BP-8 request, and to respond to his grievance.

---

       [1]    None of these allegations evinces a federal constitutional violation.

**FILING FEE**

This court has jurisdiction under 28 U.S.C. § 1331 over claims that a federal constitutional right has been violated.[2] The fee for filing a civil rights complaint in federal court seeking injunctive relief is $350.00. Mr. Jara has neither paid the filing fee for this action nor submitted a motion to proceed without prepayment of fees. This action may not proceed further unless and until he satisfies the filing fee in one of these two ways. He will be provided the appropriate forms for a motion to proceed without prepayment of fees. In addition to a completed motion and poverty affidavit on court-provided forms, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff is forewarned that under § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the $350.00 filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account

---

[2] This matter was initially treated as a habeas petition by the clerk for filing purposes because the actual jurisdictional basis was not clear to the clerk from the face of the pleading, and the filing fee for a habeas petition is much less. However, it is clearly not a petition for writ of habeas corpus since Mr. Jara makes no claim of illegal detention. Although plaintiff asserts jurisdiction under Rule 65 of the Federal Rules of Civil Procedure, that Rule does not confer jurisdiction. A preliminary injunction is a type of relief that may be sought in a civil action once the court's jurisdiction is established. Plaintiff generally asserts that his right of access to the courts could be blocked for failing to exhaust administrative remedies.

as authorized by § 1915(b)(2).[3]  In addition, once the court views his financial information, it may assess an initial partial filing fee that must be paid up-front.  Mr. Jara will be given time to satisfy the filing fee as discussed herein.  If he fails to do so within the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Jara is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having considered all materials filed, the court finds that Mr. Jara falls far short of alleging facts establishing his entitlement to a preliminary injunction or temporary restraining order.[4]

In any event, he also fails to state a viable claim for the reason that inmates have no federal constitutional right to a prison grievance procedure.  See Walters v. Corrections Corp. of America,

---

[3] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee is paid in full.

[4] A party seeking a preliminary injunction or temporary restraining order "must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009)(citing Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, 129 S.Ct. 365, 374 (2008)).  The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009)(quoting Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003))(internal quotation marks omitted).

3

119 Fed.Appx. 190, 191 (10th Cir. 2004)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.")(citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)), cert. denied, 546 U.S. 865 (2005); Sims v. Miller, 5 Fed.Appx. 825, 828 (10th Cir. 2001)(affirming district court's dismissal based on magistrate's finding that "insofar as plaintiff contended that CDOC officials failed to comply with the prison grievance procedures, he failed to allege the violation of a federal constitutional right."); see also Walker v. Mich. Dept. of Corrections, 128 Fed.Appx. 441, 445 (6th Cir. 2005)(collecting cases); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995).

The inmate's right to be heard is generally that of access to the courts. A necessary element of a denial of judicial access claim is actual injury. In order to plead actual injury a plaintiff must allege facts showing that a non-frivolous court case of his was actually dismissed or significantly impeded by the alleged unconstitutional act or omission of defendants. Plaintiff has not alleged sufficient facts to show that his right of access to the courts has actually been impeded by the defendants' alleged failure or refusal to properly handle and respond to his prison grievance. Thus, even accepting plaintiff's allegations as true, the court finds that no federal constitutional claim is presented.

Plaintiff is given time to show cause why this action should not be dismissed for failure to state a federal constitutional claim. If he does not file a satisfactory response within the time

4

allotted, this action will be dismissed without further notice.

Plaintiff is notified that this action may be treated as a "prior occasion" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Should Mr. Jara receive two more "strikes", he will be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous.").

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to satisfy the filing fee of $350.00 in this case as discussed herein, and to show cause why this action should not be dismissed for failure to state a federal constitutional claim.

The clerk shall send forms to plaintiff for a motion to proceed without prepayment of fees.

**IT IS SO ORDERED.**

**DATED: This 22nd day of July, 2010, at Topeka, Kansas.**

s/RICHARD D. ROGERS
United States District Judge