IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARIO JARA,**

        **Plaintiff,**

        v.                          CASE NO. 10-3144-RDR

**C. CHESTER,**
**et al.,**

        **Defendants.**

### **O R D E R**

Upon screening, the court entered an order in this case construing this action as a civil complaint, rather than a habeas corpus petition, and granting Mr. Jara time to satisfy the filing fee of $350.00 as explained in that Order. Mr. Jara was also ordered to show cause why this action should not be dismissed for failure to state a federal constitutional claim.

Mr. Jara filed a Motion for Extension of Time to Respond to Court Order (Doc. 3), and has since filed an "First Amended Complaint." However, Mr. Jara has not submitted either a motion to proceed without prepayment of fees with a certified statement of his inmate account or the filing fee of $350.00. Nor has he adequately addressed the deficiencies in his complaint that were set forth in the court's prior Order. Mr. Jara's motion for an extension of time shall be granted. He is given twenty days from the date of this Order in which to comply with the Order entered by the court on July 22, 2010, by satisfying the filing fee and by

showing cause why this action should not be dismissed for failure to state a federal constitutional claim.[1] He must also address why this action should not be counted as a strike.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Extension of Time (Doc. 3) to Comply with the court's Order of July 22, 2010, is granted and the time is hereby extended to and including October 25, 2010.

The clerk is directed to change the docket to reflect that the court construed this action as a civil complaint under 28 U.S.C. § 1331, and the pleading (Doc. 4) is plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

DATED: This 5th day of October, 2010, at Topeka, Kansas.

                                      s/RICHARD D. ROGERS
                                      United States District Judge

---

[1] Mr. Jara must reread the court's prior Order and respond to that Order. Therein, the court found that he had no federal constitutional right to a prison grievance procedure, and had not alleged facts showing a denial of access because he had not shown the crucial element of actual injury.